Cite as 2022 Ark. App. 73

# ARKANSAS COURT OF APPEALS
DIVISION IV
No. CV-21-112

| | |
|---|---|
| HOLLIE SUTTERFIELD<br><br>APPELLANT<br><br>V.<br><br>NOAH SUTTERFIELD<br><br>APPELLEE | Opinion Delivered February 16, 2022<br><br>APPEAL FROM THE BOONE COUNTY CIRCUIT COURT [NO. 05DR-20-55]<br><br>HONORABLE GORDON WEBB, JUDGE<br><br>REVERSED AND REMANDED |

**STEPHANIE POTTER BARRETT, Judge**

Appellant Hollie Sutterfield appeals the Boone County Circuit Court's dismissal of her petition for contempt against appellee Noah Sutterfield for violation of an order of protection. She argues that the circuit court erred in failing to enter a finding of contempt against Noah for violation of the order of protection and by finding that the relief she sought was not an available remedy. She also argues that the contempt was not mooted by a judgment granted to her in the parties' divorce decree. We find merit in Hollie's argument that the circuit court erred in not finding Noah in contempt, and we reverse and remand this case to the circuit court.

On February 7, 2020, Hollie, who pregnant at the time and married to Noah, filed a petition for an order of protection pursuant to the Domestic Abuse Act, codified at Arkansas Code Annotated sections 9-15-101 et seq. (Repl. 2020 & Supp. 2021), on behalf of her three

children and herself against Noah, alleging that he had physically attacked her. An ex parte order of protection was issued on February 10 barring Noah from the parties' residence, Hollie's workplace, the children's school, and another address in Harrison. Noah was served with the order of protection that afternoon while he was at the Boone County Sheriff's Office, where he said he was filing a report regarding property damage at the parties' residence. Hollie did not return to the residence until after she knew Noah had been served; when she arrived, she found her and her children's personal belongings destroyed and the residence damaged. A final order of protection, effective for ten years, was entered on April 13, 2020.

On August 5, Noah pleaded guilty in the Boone County District Court to violating the order of protection. He was ordered to pay fines, costs, and fees in the amount of $1120; was placed on a year of supervised probation; and was sentenced to thirty days in the Boone County Jail, with the jail time suspended.

On September 3, Hollie filed a motion for contempt against Noah in the protective-order case, alleging that he had violated the order of protection by entering her home on February 10 and had caused approximately $14,000 in property damages. A hearing on Hollie's motion for contempt was held on October 22. Hollie testified that she had left the residence on February 6, had filed her petition for an order of protection on February 7, and had not returned to the residence until after she knew Noah had been served with the ex parte order of protection on February 10. When she returned, she found piles of her personal property smoldering outside the residence after having been burned; her and the

2

children's clothing in burn barrels with paint poured on them and burned; screws inserted into the doorframe of the home; boards screwed to the floor; all of the windows scratched; the furniture destroyed; the top of the washer smashed; the dryer had paint thrown inside of it; and the cords to the appliances had been cut. Noah, who appeared pro se, denied that he had destroyed the property. After the hearing, the circuit court entered an order on October 26 dismissing Hollie's motion for contempt. In dismissing, the circuit court found:

1. The Petitioner presented testimony and evidence that Respondent violated the Order of Protection on February 10, 2020, and that Petitioner suffered approximately $14,000 worth of damages to her household appliances and property and personal belongings.

2. Following Respondent's testimony, the Court sua sponte dismisses this case with prejudice because the relief sought by Petitioner is not an available remedy under the Order of Protection statute found at Ark. Code Ann. § 19-15-101, et. seq., and the evidence does not prove by a preponderance of the evidence that Respondent damaged the property in question. While the evidence establishes that Respondent pled guilty to violation of a protective order, it does not establish he damaged the property, which he denies.

Hollie first argues that the circuit court erred in not holding Noah in contempt for violating the order of protection. We agree. Willful disobedience of a valid order of a court is contemptuous behavior. *Rye v. Rye*, 2021 Ark. App. 286, 625 S.W.3d 761. Before one can be held in contempt for violating the court's order, the order must be definite in its terms and clear as to what duties it imposes. *Id.* Contempt can be civil or criminal. *Id.* The purpose of criminal contempt is to preserve power, vindicate the dignity of the court, and punish for disobedience of the court's order. *Id.* By comparison, civil-contempt proceedings are instituted to preserve and enforce the rights of private parties to suits and to compel

3

obedience to orders made for the benefit of those parties. *Id.* If contempt is civil in nature, which this case is, the standard of review is whether the circuit court's finding is clearly against the preponderance of the evidence. *Id.*

The purpose of the Domestic Abuse Act is "to provide an adequate mechanism whereby the State of Arkansas can protect the general health, welfare, and safety of its citizens by intervening when abuse of a member of a household by another member of a household occurs or is threatened to occur, thus preventing further violence." Ark. Code Ann. § 9-15-101. The Domestic Abuse Act provides for contempt proceedings:

> When a petitioner or any law enforcement officer files an affidavit with a circuit court that has issued an order of protection under the provisions of this chapter alleging that the respondent or person restrained has violated the order, the court may issue an order to the respondent or person restrained requiring that person to appear and show cause why he or she should not be found in contempt.

Act 266 of 1991, § 10 (codified at Ark. Code Ann. § 9-15-210).

We hold that the circuit court's failure to hold Noah in contempt was clearly against the preponderance of the evidence. The order of dismissal acknowledged that while the evidence established Noah had pleaded guilty to violation of a protective order, it did not establish he was the person who damaged the property. However, the protective order was issued to protect Hollie and her children from domestic abuse by Noah, and it specifically forbade Noah from being at the parties' residence. Noah pleaded guilty in district court to violating the February 10 protective order, and the conviction was an exhibit in the contempt proceedings. Because the evidence clearly proved Noah violated the protective order, the

4

circuit court's refusal to hold him in contempt was clearly against the preponderance of the evidence, and we reverse and remand.

Hollie next argues that remedial fines were an appropriate remedy for contempt actions, and the circuit court erred in ruling they were not an available remedy and in dismissing her contempt petition. She further notes that while this appeal was pending, a divorce decree was filed on February 4, 2021, and included a judgment against Noah for $14,703 for damages to her household furnishings and personal property. While Hollie correctly notes that the divorce proceedings are not part of this record and cannot be considered in this appeal, she nevertheless argues that the judgment awarded in the divorce decree does not make the issues in this case moot because the monetary judgment in the decree does not amount to a finding of contempt for violating the order of protection. Because we are reversing and remanding on Hollie's first point of appeal, we decline to address these issues because sanctions for contempt are more properly addressed by the circuit court on remand.

Reversed and remanded.

VIRDEN and GRUBER, JJ., agree.

*Mary Goff*, Legal Aid of Arkansas, for appellant.

One brief only.